UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUBY JONES, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Ruby Jones, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Ruby Jones ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted U.S. Bank National Association ND consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4.      Defendant, Portfolio Recovery Associates, LLC ("Defendant"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6.      Defendant is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, Defendant conducts business in Illinois.

7.      Moreover, Defendant is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation).

8.      In fact, Defendant acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

9.      Plaintiff is an elderly individual with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a U.S. Bank National Association ND consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. Defendant purportedly purchased the alleged debt sometime thereafter.

12. Defendant subsequently retained or hired the Law Office of Blatt, Hasenmiller, Leibsker & Moore ("Blatt"), to attempt to collect the alleged debt from Plaintiff. Upon information and belief, Blatt was at all times authorized to act on behalf of Defendant to attempt to collect the alleged debt from Plaintiff.

13. On or about August 27, 2013, Blatt filed a complaint on behalf of Defendant against Plaintiff to collect the alleged debt, which complaint was filed in the Circuit Court of Cook County, First Municipal District, and styled *Portfolio Recovery Associates, LLC vs. Ruby L. Jones*, Case No. 13-M1- 147503 ("State Action"). (Exhibit C, Small Claims Complaint).

14. In response to the State Action, Plaintiff consulted with the legal aid attorneys at the Debtors Legal Clinic.

15. On October 5, 2013, Plaintiff's legal aid attorney sent a letter to Blatt, which Blatt received via fax, that indicates that Plaintiff is represented by an attorney, and that Plaintiff disputes that she owes the alleged debt. (Exhibit D, Letter).

16. Upon information and belief, Blatt subsequently communicated Plaintiff's dispute of the alleged debt to Defendant.

17. On October 15, 2013, Plaintiff's legal aid attorney appeared in court for a status hearing in the State Action, and he again informed Blatt counsel of Plaintiff's dispute. (Exhibit E, Order).

18. Defendant subsequently dismissed the State Action on December 17, 2013.

19. 15 U.S.C. §1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

\*\*\*

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

20. On October 5, 2013, Defendant knew or should have known that Plaintiff disputed that she owed the alleged debt, since Plaintiff informed Defendant of this fact via letter on that date.

21. Even though Defendant knew or should have known, on October 5, 2013, that Plaintiff disputes owing the alleged debt, Defendant failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when Defendant updated Midland's tradeline, and thus communicated credit information to Experian relating to the alleged debt, in November 2013, in violation of 15 U.S.C. §1692e(8).

22. Defendant again failed to communicate the fact of Plaintiff's dispute of the alleged debt to the Experian credit reporting agency in December, 2013. (Exhibit F, Excerpt of Experian credit report showing Defendant's tradeline as reported in December, 2013).

23. To the date of the filing of this lawsuit, Defendant has not communicated the fact of Plaintiff's dispute of the alleged debt to any credit reporting agency.

24. Defendant is liable for the acts and omissions of Blatt, committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

25. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff re-alleges paragraphs 1-25 as if set forth fully in this count.

27. Defendant communicated false credit information to the Experian credit reporting agency in violation of 15 U.S.C. §§1692e and 1692e(8) when, after receiving notice that Plaintiff disputed the alleged debt, Defendant failed to thereafter communicate the fact of the dispute to the Experian, even though Defendant had communicated other information to Experian, relating to the alleged debt, after it had received notice of Plaintiff's dispute.

28. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendant for the count alleged above for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

      C.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

| | |
|---|---|
| The Law Office of M. Kris Kasalo, Ltd.<br>20 North Clark Street, Suite 3100<br>Chicago, Illinois 60602<br>tel 312.726.6160<br>fax 312.698.5054<br>mario.kasalo@kasalolaw.com | By: /s/M. Kris Kasalo<br>M. Kris Kasalo |

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.